IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| PAUL F. BENSON, | ) | |
|     Plaintiff, | ) | |
| | ) | |
| v. | ) | 3:06-CV-1911-R |
| | ) | |
| MARY KAY INCORPORATED, | ) | |
|     Defendant. | ) | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to the provisions of 28 U.S.C. § 636(b), and an order of the court in implementation thereof, this cause has been referred to the United States Magistrate Judge. The findings, conclusions and recommendation of the Magistrate Judge are as follows:

FINDINGS AND CONCLUSIONS:

Type of Case: This is a *pro se* employment discrimination case brought pursuant to Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e *et seq*, and the American with Disability Act (ADA).[1]

Parties: Plaintiff resides in DeSoto, Texas. He is proceeding *in forma pauperis*.

Defendant is Mary Kay Incorporated. No process has been issued in this case pending preliminary screening. On December 1, 2006, and January 22, 2007, the Magistrate Judge issued a questionnaire to Plaintiff, who filed his answers thereto on December 28, 2006, and February 20, 2007, respectively.

Statement of Case: The complaint, supplemented by the answers to the magistrate judge's

---

[1] Plaintiff's ADA claim was raised for the first time in answer to the Magistrate Judge's Questionnaire. (*See* Docket #11, Answer to Question 1).

questionnaires, alleges Defendant discriminated against Plaintiff when it terminated his employment on October 22, 2002, on the basis of his race and national origin. (Answer to Question 6). Plaintiff also claims discrimination on the basis of a disability. (Answer to Question 1).

Findings and Conclusions: As a condition precedent to filing a civil suit under 42 U.S.C. § 2000e-5(f)(1), a plaintiff must comply with the following administrative requirements:

> (1) file a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC") within one hundred eighty (180) days of the alleged unlawful employment practice or within three hundred (300) days if the aggrieved party has initially instituted proceedings with an appropriate state or local agency, and;
> (2) obtain a notice of right to sue letter from the EEOC.

42 U.S.C. §§ 2000e-5(e)(1) & (f)(1). Failure to comply with the above requirements deprives the court of subject matter jurisdiction. *National Assn. of Gov't Employees v. City Pub. Serv. Bd.,* 40 F.3d 698, 711 (5th Cir. 1994); *Clerk v. Kraft Foods, Inc.,* 18 F.3d 1278, 1279 (5th Cir. 1994); *Tolbert v. United States*, 916 F.2d 245, 247-48 (5th Cir. 1990).

The same requirements apply to an ADA claim. *See Belmear v. Mary Kay Inc.*, 2000 WL 127282, *3-4 (N.D. Tex. 2000) (J. Fitzwater) (citing *Leptich v. City College of SF,* 134 F.3d 378, 1998 WL 22037, at * *1 (9th Cir. Jan.15, 1998) (per curiam) (unpublished opinion) (holding that plaintiff was required to exhaust administrative remedies before seeking judicial relief for ADA claim and that charges not raised in administrative complaint could not be basis of complaint in federal court) (citing 42 U.S.C. § 12117(a) as incorporating Title VII procedures); *Davis v. Alhambra Nat'l Water Co.,* 1999 WL 33435, at *1 (N.D. Cal. Jan. 20, 1999 ) ("Because plaintiff is required to exhaust his administrative remedies before proceeding to court with his ADA claim, the scope of this action must be limited by the scope of plaintiff's charge with the EEOC.")).

Plaintiff initially filed a complaint with the EEOC on December 9, 2003, with respect to the acts of Mary Kay Inc. and/or any of its employees.  It appears, however, that his complaint was lost and he did not receive a right to sue letter from the EEOC – a condition precedent to filing this suit.  (See Answer to Supplemental Questions 1, 4 and 5).  While on February 15, 2007, Plaintiff submitted a Charge of Discrimination to the Texas Worforce Commission, that charge is presently pending.  (*See* Copy attached to Plaintiff's supplemental answer to questionnaire).

In light of the above, the Court must conclude that Petitioner has failed to exhaust his administrative remedies before filing the complaint in this action.  As a result, his action should be dismissed for lack of subject matter jurisdiction.  *National Assn. of Gov't Employees,* 40 F.3d at 711-12 (unless a claim of discrimination has first been timely filed with the EEOC, the court is barred from adjudicating it); *Tolbert,* 916 F.2d at 248 (employment discrimination claimant who chose to pursue administrative review of federal agency's denial of her claim was required to exhaust that remedy before filing civil action in federal court).

RECOMMENDATION:

For the foregoing reasons, it is recommended that Plaintiff's complaint be DISMISSED for want of jurisdiction.

A copy of this recommendation shall be mailed to Plaintiff.

Signed this 13th day of April, 2007.

_____
PAUL D. STICKNEY
UNITED STATES MAGISTRATE JUDGE

NOTICE

In the event that you wish to object to this recommendation, you are hereby notified that you must file your written objections within ten days after being served with a copy of this recommendation.  Pursuant to *Douglass v. United Servs. Auto Ass'n*, 79 F.3d 1415 (5th Cir. 1996) (*en banc*), a party's failure to file written objections to these proposed findings of fact and conclusions of law within such ten-day period may bar a *de novo* determination by the district judge of any finding of fact or conclusion of law and shall bar such party, except upon grounds of plain error, from attacking on appeal the unobjected to proposed findings of fact and conclusions of law accepted by the district court.