IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| PAUL F. BENSON, | ) | |
|     Plaintiff, | ) | |
| | ) | |
| v. | ) | 3:06-CV-1911-R |
| | ) | |
| MARY KAY INCORPORATED, | ) | |
|     Defendant. | ) | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to the provisions of 28 U.S.C. § 636(b), and an order of the Court filed on May 10, 2007, Plaintiff's motion for the appointment of counsel has been referred to the United States Magistrate Judge for determination or recommendation. The findings, conclusions and recommendation of the Magistrate Judge are as follows:

FINDINGS AND CONCLUSIONS:

On October 17, 2006, Plaintiff filed this *pro se* employment discrimination case against Defendant Mary Kay Inc., under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e *et seq*, and the American with Disability Act (ADA). He complained of an October 22, 2002 discharge on the basis of his race and national origin and an on-the-job injury which allegedly rendered him disabled. (Answer to Magistrate Judge's Questions 1 and 6).

On April 19, 2007, the Court accepted the findings, conclusions and recommendation of the Magistrate Judge, and entered judgment summarily dismissing this case for want of jurisdiction because Plaintiff had failed to exhaust his administrative remedies before filing the complaint in this action. While it appeared that the Equal Employment Opportunity Commision (EEOC) had lost his December 9, 2003 charge, his second charge filed with the EEOC on

February 15, 2007, was still pending. *See* Findings and Conclusion at 3.

Presently before the Court, is Plaintiff's motion for the appointment of counsel, filed on May 9, 2007. Along with his motion, Plaintiff submits for the first time a copy of the EEOC's right to sue letter dated February 15, 2007, which dismissed the charge filed the same day as untimely.

At the outset the Court notes that a plaintiff in a civil action is not entitled to court appointed counsel as a matter of law. *See, e.g. Caston v. Sears Roebuck and Co.*, 556 F.2d 1305, 1309 (5th Cir. 1977). In the context of a Title VII action, a plaintiff's request for appointment of counsel requires an examination of the following: (1) the merits of the claims alleged; (2) efforts undertaken to obtain counsel; and (3) the plaintiff's financial ability to retain counsel. *See Gonzales v. Carlin*, 907 F.2d 573, 580 (5th Cir. 1990). No single factor is conclusive. *Id.*

In the instant case, Plaintiff has not given any information as to the efforts taken to retain counsel. His case is presently closed and he has neither filed a motion for reconsideration nor a notice of appeal from the judgment dismissing his case. Moreover, his claims are clearly untimely. As evidenced by the right-to-sue letter attached to the motion to appoint counsel, the EEOC recently dismissed Plaintiff's second EEOC charge as untimely filed. "If an EEOC charge is untimely filed, a suit based upon the untimely charge should be dismissed." *Barrow v. New Orleans Steamship Association,* 932 F.2d 473, 476-77 (5th Cir. 1991). Even assuming the first EEOC charge had not been lost, *see* Findings and Recommendation at 3, it is clear that it was also untimely. Plaintiff concedes filing the same on December 9, 2003, more than 300 days after the alleged discriminatory discharge of October 22, 2002. *See Ramirez v. City of San Antonio,* 312 F.3d 178, 181 (5th Cir. 2002) (filing of a charge with the EEOC within 300 days is

2

a prerequisite to suit under the ADA. citing 42 U.S.C. § 12117(a), which incorporates the limitations period prescribed in section 2000e-5(e)(1)); *Dao v. Auchan Hypermarket,* 96 F.3d 787, 788-89 (5th Cir.1996) (holding administrative exhaustion requirement of Title VII applies to the ADA); *Merrill v. S. Methodist Univ.,* 806 F.2d 600, 604 (5th Cir. 1986) (addressing administrative exhaust under Title VII).[1]

---

[1] A plaintiff in an employment discrimination case must timely exhaust all statutorily required administrative remedies before filing suit. *Young v. City of Houston, Texas,* 906 F.2d 177, 179 (5th Cir. 1990) ("The scope of inquiry of a court hearing in a Title VII action 'is limited to the "scope" of the EEOC investigation which can reasonably be expected to grow out of the charge of discrimination.' ") (quoting *Sanchez v. Standard Brands,* 431 F.2d 455, 466 (5th Cir. 1970)). This requirement serves the dual purposes of giving the employer some warning as to the conduct about which the employee is complaining and affording the EEOC and the employer an opportunity to settle the dispute through conciliation. *Sanchez,* 431 F.2d at 466 ("A charge of discrimination is not filed as a preliminary to a lawsuit. On the contrary, the purpose of a charge of discrimination is to trigger the investigatory and conciliatory procedures of the EEOC.").

Under both Title VII and the ADA, a plaintiff to exhaust administrative remedies, must file a charge of discrimination with the EEOC within 180 days of the date of the alleged discrimination, or within 300 days of the alleged discrimination if he institutes his action with the appropriate state agency. *Dao v. Auchan Hypermarket,* 96 F.3d 787, 789 (5th Cir. 1996) (citing 42 U.S.C. § 2000e-5(e)(1) and holding that an ADA plaintiff must exhaust remedies in same manner as a Title VII plaintiff). "Congress intended the limitations period contained in Section 2000e-5(e)(1) to act as a statute of limitations." *Webb v. Cardiothoracic Surgery Associates of North Texas,* 139 F.3d 532, 537 (5th Cir.1998) (citing *Zipes v. Trans World Airlines, Inc.,* 455 U.S. 385, 393-94 (1982)).

RECOMMENDATION:

For the foregoing reasons, it is recommended that Plaintiff's motion for the appointment of counsel (Docket # 18) be DENIED.

A copy of this recommendation shall be mailed to Plaintiff.

Signed this 29th day of May, 2007.

_____
PAUL D. STICKNEY
UNITED STATES MAGISTRATE JUDGE

NOTICE

In the event that you wish to object to this recommendation, you are hereby notified that you must file your written objections within ten days after being served with a copy of this recommendation. Pursuant to *Douglass v. United Servs. Auto Ass'n*, 79 F.3d 1415 (5th Cir. 1996) (*en banc*), a party's failure to file written objections to these proposed findings of fact and conclusions of law within such ten-day period may bar a *de novo* determination by the district judge of any finding of fact or conclusion of law and shall bar such party, except upon grounds of plain error, from attacking on appeal the unobjected to proposed findings of fact and conclusions of law accepted by the district court.